J. M. PORTERFIELD, Adm'r. *v.* C. W. TALIA-
FERRO *et al.*

ADMINISTRATION. *Attorney's fees.* An administrator, who incurs liability
for attorneys fees beyond the assets of the estate in his hands, without
consent or requst of the heirs, cannot subject the real estate to sale
for satisfaction of such liability.

FROM HARDIN.

Appeal from the Chancery Court at ——— G. H.
NIXON, Ch.

A. G. McDOUGAL for complainant.

L. H. & D. W. BROYLES for defendant.

McFARLAND, J., delivered the opinion of the court.

The record is obscure, but we understand the facts
necessary to present the questions to be decided, are
as follows: Wm. Pyburn died in Hardin county in
1861. C. W. Taliaferro was appointed administrator,
but after converting some of the assets left the State,
without accounting for what he had received. Peter
P. Pach became administrator *de bonis non,* in 1865.
Several suits were brought against him, in one case
there was judgment against him at law for upwards
of $1,700. Two other suits at law were brought
for smaller sums, which were defended by the admin-
istrator, and a bill in chancery was brought against

him, claiming upwards of $2,000, which was also defended. On the 26th of January, 1867, said Pach filed an insolvent bill in which he obtained an injunction against the suits at law, and praying for a sale of lands to pay the debts. The bill conceded that the judgment that had been obtained was a valid debt, and would have to be paid, and assumed that the result of the other cases was doubtful, and there were not sufficient assets to pay the debts. In 1870 the death of Pach was suggested and proven, and the cause was revived in the name of J. M. Porterfield, second administrator *de bonis non*.

The lands were sold by a decree in the cause, but subsequently the heirs filed a bill and had the sale set aside upon the grounds that they had not been brought before the court. The heirs were subsequently brought in by regular process, and the cause again proceeded. The chancellor perpetually enjoined the suits at law against the administrator, holding that the plaintiffs in the actions had no valid claim against the estate. The bill in chancery was also decided in favor of the administrator, upon what ground does not appear from this record, and there seems to have been no other claims except the judgments referred to, and the heirs were held protected against this by the statute of limitations, so that there were no debts against the estate for which the lands were liable, in fact, as the record cites no debts at all, but we take it that the judgment referred to was valid against the administrator.

Upon the rendition of the final decree rejecting all

claims against the land, an account of solicitor's fees was taken, showing certain fees due to the firm of A. G &. J. McDougal and A. G. McDougal individually, and Messrs. Campbell & Jackson, for services rendered in behalf of the administrator, in defending the bill in chancery referred to, and also the two suits at law, and filing and conducting the insolvent bill.

The report was confirmed without exception, and the master was directed to collect the balance of a judgment referred to, and any other debts due the estate, and pay the same—together with a small fund in his hands—after retaining costs—to said solicitors *pro rata.*

Some time afterwards, the said solicitors, together with Porterfield, filed a petition in the cause, in which they claim the fees allowed them by said report and decree, and also $35, as compensation to the administrator Porterfield, and pray a sale of the land descended to the heirs to pay said sums, less a *pro rata* received by the solicitors from the clerk and master. The petition says that there are no means in the hands of Porterfield to pay said sums, and they know of no means except the lands. The heirs resisted the petition upon various grounds.

We are unable to see the principle upon which the decree of the chancellor, for a sale of the land, can be sustained. In the first place, it does not appear that the personal assets have been exhausted. From the decree referred to, directing the master to collect debts due the estate, it is to be inferred that such

Porterfield *v.* Taliaferro.

debts are in existence, in fact, the record shows the existence of debts not satisfactorily accounted for, and in my view of the case, the lands of the heirs cannot be reached until it is affirmatively shown that the personal assets have been exhausted.

But in the next place, we do not see how the lands of the heirs can be taken to pay the compensation of the administrator, and his counsel fees, where there were personal assets, and where it has resulted that there were no debts against the estate—at least none which can be made a charge upon the land.

The administrator has the right to retain out of the assets in his hands compensation for his services. When he employs counsel he is ordinarily individually responsible for their fees, but he will be allowed, in his settlement, the amount of the fees thus paid or incurred, if they are shown to be reasonable in amount and necessary and proper. The expenses of administration are a prior charge upon the assets in the hands of the administrator.

If, however, the administrator chooses to incur expenses in the way of counsel fees, in defending suits against him, over and above the assets in his hands, without the consent or request of the heirs, we do not see how the latter, or their lands, can be liable for such expenses. The insolvent bill, so far as it sought a sale of the land of the heirs was, as the result showed, wrongfully instituted. There were no debts established authorizing the sale. The sale that was had was set aside at the instance of the heirs, in a suit in which they employed their own counsel, and

so the insolvent bill was successfully resisted by them. It does not matter, that finally, the counsel for the administrator took sides with the heirs in resisting the sale. We think the heirs cannot be required to pay the counsel fees of the administrator for wrongfully presenting this suit against them.

So far as this suit was a defense against the suits, brought against the administrator, and so far as the other defenses to said suits are concerned, the administrator was in the right according to the result, but. as we have said, it has not been shown that there were not other assets sufficient to pay the necessary expenses of defending these suits; and further, if it were otherwise, we do not see that if the administrator choose to incur liability beyond the assets in his hands, without the request of the heirs, that they can, be held liable.

The decree of the chancellor must, therefore, be reversed, and the petition dismissed.